**Roger DICKSON, Plaintiff,**

v.

**HAWKER–SIDDELEY POWER ENGINEERING, INC., Defendant.**

**Civ. No. 90–6086.**

United States District Court, W.D. Arkansas, Hot Springs Division.

Feb. 21, 1991.

---

Q. Byrum Hurst, Jr., Hot Springs, Ark., for plaintiff.

Glen A. Nordt and William M. Coats, Coats, Rose, Yale, Holm, Ryman & Lee, Houston, Tex., for defendant.

## MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

Before the court is defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b) or alternatively, motion to transfer venue. Plaintiff has responded to the motion.

Plaintiff brought his complaint against the defendant on September 26, 1990, alleging wrongful employment termination, breach of contract, and intentional infliction of emotional distress. Defendant filed these motions in response to the complaint, rather than file an answer. Defendant contends that the complaint fails to establish that this court has in personam jurisdiction over the defendant (Fed.R.Civ.P 12(b)(2)); fails to state a claim upon which relief can be granted (Fed.R.Civ.P. 12(b)(6)); and fails to establish that venue is proper in this court (Fed.R.Civ.P. 12(b)(3)).

The pertinent facts are undisputed. Plaintiff is an Arkansas resident. Defendant is a Delaware corporation engaged in the manufacture of aircraft and aircraft parts; its principal place of business is in Houston, Texas. Apparently, sometime in 1989, plaintiff sent resumes to several companies looking for employment opportunities. On November 13, 1989, plaintiff received a telephone call from Greg Coker, an employee of the defendant, regarding employment.[1] Plaintiff states Mr. Coker

---

1. The facts regarding the employment of plain- tiff were taken from his affidavit dated Novem-

recited a brief job description, the terms of pay, and daily expense pay (per diem) of the potential job. Plaintiff accepted employment with defendant on November 27, 1989.

Plaintiff reported to work at the job site in Hartford, Connecticut on December 4, 1989. At that time, he completed and signed the employment application papers. After commencing work, plaintiff found that the per diem pay would be lower than what he originally believed. He checked with several employees of the defendant regarding the per diem discrepancies, but received no adequate reply. In January, 1990, plaintiff wrote a letter to his supervisor pointing out areas in which the company was deficient. Plaintiff was notified by a letter dated January 31, 1990, that he had been terminated from the defendant's employ as of February 2, 1990, for "disruptive behavior."

Plaintiff brought suit in this court on the basis of diversity of citizenship and amount in controversy. 28 U.S.C. § 1332. Defendant has filed a motion to dismiss for lack of in personam jurisdiction (Fed.R.Civ.P. 12(b)(2)), among other things. The court will address the issue of in personam jurisdiction before confronting defendant's other basis for dismissal or its motion to transfer venue.

In diversity actions, a federal court possesses jurisdiction over a nonresident defendant to the extent permitted by the long arm statute of the forum state. *Mountaire Feeds, Inc. v. Agro Impex, S.A.,* 677 F.2d 651, 653 (8th Cir.1982); *Prejean v. Sonatrach, Inc.,* 652 F.2d 1260, 1264 n. 2 (5th Cir.1981); Fed.R.Civ.P. 4(d)(7) & (e).[2] "Although the reach of the state long arm statute is a question of state law and federal courts are required to accept the interpretation given the statute by the state supreme court, the extent to which the

reach of the long arm statute is limited by due process is a question of federal law." *Mountaire Feeds,* 677 F.2d at 653; *citing Iowa Electric Light & Power Co. v. Atlas Corp.,* 603 F.2d 1301, 1303 (8th Cir.1979), *cert. denied* 445 U.S. 911, 100 S.Ct. 1090, 63 L.Ed.2d 327 (1980). The Arkansas Supreme Court has interpreted the reach of the Arkansas long arm statute to be coextensive with that permitted by due process. *Nix v. Dunavant,* 249 Ark. 641, 460 S.W.2d 762 (1970).

The court's inquiry consists of two parts. First, the court must decide whether the facts presented satisfy the requirements of Arkansas's long arm statute. Second, the court must determine if the exercise of personal jurisdiction is consistent with due process. *Mountaire Feeds, supra; Hawes v. Honda Motor Co., Ltd.,* 738 F.Supp. 1247 (E.D.Ark.1990).

Since the complaint alleges tortious conduct and breach of contract by defendant, the court will construe the applicable sections of the Arkansas long arm statute. Those sections read as follows:

. . . . .

## C. PERSONAL JURISDICTION BASED UPON CONDUCT

1. A court may exercise personal jurisdiction over a person,[3] who acts directly or by an agent, as to a (cause of action) (claim of relief) arising from the person's:

(a) Transacting any business in the state;

. . . . .

(d) Causing tortious injury in this State by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from

---

ber 21, 1990. The complaint also alleges that defendant contacted the plaintiff's grandfather regarding plaintiff's potential employment. However, plaintiff's affidavit makes no mention of a call to his grandfather.

**2.** Plaintiff fails to make any reference to Arkansas's long arm statute. However, it is incum-

bent upon this court to make the inquiry to determine the jurisdictional status.

**3.** Ark.Code Ann. § 16–4–101(A) includes corporations within its definition of a "person" for purposes of the long arm statute.

goods consumed or services used in this state; ...

Ark.Code Ann. § 16–4–101(C)(1)(a) & (d).

■ The record reveals that the defendant has no offices, agents, or property in Arkansas. The defendant is not licensed to conduct business in Arkansas, and contends it does not do so. At no time did any employee or representative of defendant come to Arkansas to deal with plaintiff. The only person-to-person dealings between plaintiff and defendant occurred in Connecticut. All other dealings were by telephone.

With respect to subsection (a) of the long arm statute, it is clear that defendant's activities did not rise to the status of transacting any business in this state. *See Roger N. Joyce & Assoc., Inc. v. Paoli Steel Corp.*, 491 F.Supp. 1095 (E.D.Ark.1980). Nor can it be said that the statutory language of subsection (d), regarding tortious conduct, has been met. There is no allegation that defendant "regularly does or solicits business, or engages in any other persistent course of conduct in this state or derives substantial revenue from goods consumed or services used in this state" as required by subsection (d).

■ Even if the long arm statutory language had been satisfied by defendant's activities, the latter did not constitute the "minimum contacts" with the State of Arkansas for purposes of the Fourteenth Amendment. When analyzing the due process boundaries of personal jurisdiction, the focus is on the relationship between the defendant, the forum, and the litigation. *Land–O–Nod Co. v. Bassett Furniture Indust., Inc.*, 708 F.2d 1338, 1340 (8th Cir. 1983). In the Eighth Circuit, the "minimum contacts" standard involves a consideration of five factors: 1) the nature and quality of the contacts with the forum state; 2) the quantity of contacts with the forum state; 3) relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) the convenience of the parties. *Id.* at 1340, *citing, Aaron Ferer & Sons Co. v. Diversified Metals Corp.*, 564 F.2d 1211, 1215 (8th Cir.1977). The

Eighth Circuit has said that in examining minimum contacts, "the interest of the state in providing a forum for its residents, and the convenience of the parties are only 'secondary factors' to be considered and are not determinative." *Aaron Ferer & Sons Co. v. American Compressed Steel Co.*, 564 F.2d 1206, 1210 n. 5 (8th Cir.1977).

The defendant's contacts with Arkansas apparently consisted of several phone calls regarding plaintiff's potential employment. Plaintiff, himself, made two of the phone calls. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958). With contacts stronger than ones before this court, the Eighth Circuit held that extensive use of telephone lines, mail, and banking, as well as shipping goods into the state, is not sufficient to confer personal jurisdiction. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651 (8th Cir. 1982).

Even if defendant offered an employment contract to defendant while he was in Arkansas, that is not sufficient to confer in personam jurisdiction.

> 'Merely entering into a contract with a forum resident does not provide the requisite contacts between a [nonresident] defendant and the forum state.' The commercial contacts in the present case tie to [plaintiff], but not to Arkansas. 'It is a defendant's contacts with the forum state that are of interest in determining if in personam jurisdiction exists, not its contacts with a resident.'

*Mountaire Feeds*, 677 F.2d at 655 (citations omitted).

The record is clear that not only does defendant's alleged activities fail to fall within the purview of the Arkansas long arm statute, but it also lacks minimum contacts with the forum state. For these reasons, the court finds it is without in personam jurisdiction over the defendant and the complaint will be dismissed without prejudice. As the court has found it is without personal jurisdiction over the mat-

ter, it need not consider defendant's other basis for dismissal, or its motion for transfer of venue.

A separate judgment will be entered consistent with this opinion. The court incorporates into this memorandum opinion its findings and conclusions pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## JUDGMENT

In accordance with the memorandum opinion entered in the above styled and numbered case,

IT IS THEREFORE CONSIDERED, ORDERED, AND ADJUDGED that defendant's motion to dismiss for lack of in personam jurisdiction be and the same is hereby granted. Plaintiff's complaint is dismissed without prejudice.